UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MINA JOO and SAMANTHA YOUNG AI KIM,
on behalf of themselves and others similarly
situated,

                              Plaintiffs,

                -against-                                    No. 09 Civ. 5402 (RJH)


                                                            **MEMORANDUM OPINION
KITCHEN TABLE, INC., et al.,                                   AND ORDER**

                              Defendants.


RICHARD J. HOLWELL, District Judge:

        By Order dated October 13, 2010, this Court noted that the parties in the above-captioned

action, which alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq.*, had reached a settlement and ordered that the action be discontinued without costs and

without prejudice to restoration to the calendar.  The parties subsequently submitted a Stipulation

for Judgment and Approval of Settlement (the "Stipulation"), as well as a copy of the settlement

agreement for *in camera* review, and requested that the Court approve the Stipulation without

requiring a public filing of the confidential settlement agreement.  The Court requested letter

briefing from the parties regarding the propriety of a court approving the settlement of an FLSA

action where there is no public filing of the settlement agreement or where the settlement

agreement is filed under seal.

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under [29 U.S.C. § 216(c)], the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  Second [sic] when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at *13 (S.D.N.Y. Aug. 22, 2001); *see also Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Two cases within this Circuit have expressed concern about approving settlements in FLSA cases where the settlement agreement is not made part of the public record.  In *Lin v. Comprehensive Health Management, Inc.*, No. 08 Civ. 6519 (PKC), 2009 WL 2223063 (S.D.N.Y. July 23, 2009), the court noted that in FLSA settlements, "the approval process [of settlements] is a judicial act."  2009 WL 2223063, at *1.  Therefore, "[a]ny document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies."  *Id.*  The court in that case, consequently, refused to "be party to an effort to circumvent public access by having the settlement amount divulged to the Court orally and not reflected in a document so that there will be no document to which the public's right of access can attach."  *Id.*

*Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2010 WL 4340919 (W.D.N.Y. Nov. 2, 2010), contains a lengthier discussion of the topic.  There, the parties sought to seal the settlement agreement.  The court noted that "[i]n most cases, a settlement agreement is not a judicial document. . . .  But FLSA cases are different."  *Hens*, 2010 WL 4340919, at *2.  The court noted two rationales in the case law supporting public access to settlement agreements in

FLSA cases. "First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement." *Id.* (citing *Jessup v. Luther*, 277 F.3d 926, 929-30 (7th Cir. 2002)). "Second is the 'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees wages are fair and thus do not endanger the national health and well-being.'" *Id.* (citing *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003)). The *Hens* court then balanced the "strong presumption of public access" against the three interests that the parties had asserted in sealing the agreement: "(1) confidentiality is a material condition of the settlement agreement without which settlement will not be feasible, (2) public disclosure of the terms of the settlement may harm Defendant by encouraging other lawsuits, and (3) sealing will minimize the possibility of manipulation of the settlement process." *Id.* at *3. It found that none outweighed the presumption and therefore denied the motion to seal. *Id.*

In their letter to the Court, the parties assert that a "litany of precedent" shows that courts routinely approve settlements where the settlement agreement is reviewed *in camera* or filed under seal.[1] All of the cases constituting this "litany," however, appear to be ones that do not address the question of whether the presumption of public access applies to FLSA settlements. In *Medley v. American Cancer Soc'y*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028 (S.D.N.Y. July 23, 2010), for example, the entire discussion of whether sealing of the settlement agreement was proper consists of a single sentence in a footnote. 2010 WL 3000028, at *1 n.1 ("Because the terms of the settlement agreement are confidential, it will be filed under seal."). The same pattern appears in other cases cited by the parties. *See Almodova v. City and County of*

---

[1] The parties also attempt to distinguish *Lin* and *Hens* on the grounds that both involved collective actions, but no language in either case indicated that the rationale for the presumption of public access attaching to FLSA settlements depended in any way on the case's status as a collective action. *See Hens*, 2010 WL 4340919, at *2; *Lin*, 2009 WL 2223063, at *1.

*Honolulu*, Civil No. 07-00378 DAE-LEK, 2010 WL 1372298 (D. Hawai'i Mar. 31, 2010)

(recommending judicial approval of an FLSA settlement in which the list of plaintiffs who

signed a settlement agreement and the amount offered them were filed under seal but containing

no discussion of the propriety of sealing the list); *King v. Wells Fargo Home Mortgage*, No.

2:08-cv-307-FtM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (noting only that

"the Settlement Agreement and General Release, filed under seal, is approved as fair and

reasonable"); *Trinh v. JPMorgan Chase & Co.*, No. 07-CV-01666 W(WMC), 2009 WL 532556,

at *1 (S.D. Cal. Mar. 3, 2009) (noting only that the court determined that the settlement was fair

and reasonable after an *in camera* review); *Freyre v. Tin Wai Hui DMD, P.A.*, No. 08-22810-

CIV, 2009 WL 89283, at *1 (S.D. Fla. Jan. 13, 2009) (same); *Goudie v. Cable Commc'ns, Inc.*,

CV. No. 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) (same); *Perez v. Carey Int'l,*

*Inc.*, No. 06-22225-CIV, 2008 WL 4490750, at *6 (S.D. Fla. Sept. 26, 2008) (remarking that

"[c]onfidentiality is often an important element in successful settlements" with respect to

settlement *discussions* and recounting that the court conducted an *in camera* review of the

settlement agreements).  The Court does not doubt that that courts have approved FLSA

settlements filed under seal based only on *in camera* review.  Indeed, it is unsurprising that in a

situation in which no party seeks to protest the amicable resolution of contested litigation and no

party raises the argument about the presumption of public access that courts would approve a

sealed FLSA settlement.

     This practice, however, is not without criticism.  *See, e.g.*, Andrew D. Goldstein, *Sealing*

*and Revealing: Rethinking the Rules Governing Public Access to Information Generated*

*Through Litigation*, 81 Chi.-Kent L. Rev. 375, 390 (2006) (arguing that in certain cases,

including FLSA cases, "[t]he public arguably has a 'special' interest in knowing how . . . these

cases were resolved because the cases involve accusations that private actors had violated federal statutes intended to protect workers and minorities" because "[w]ithout access, the public is unable to evaluate or monitor judges' decisions to approve these settlements and agree to enforce their terms").  Moreover, the Court's review of the case law has not revealed a single federal case that considers the question and holds that the presumption of public access does not attach to FLSA settlements.  *See Baker v. Dolgencorp, Inc.*, Civil Action No. 2:10cv199, 2011 WL 166257, at *2 (E.D. Va. Jan. 19, 2011) ("[T]he common law right of access to judicial records and documents is implicated in a motion to file an FLSA settlement agreement under seal."); *Scott v. Memory Company, LLC*, Civil Action No. 3:09cv290-SRW, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010) ("A court faced with a request to seal judicial documents should weigh the interests protected by the presumption of openness (especially in FLSA cases) and the first-amendment values of freedom of speech and of the press, against the parties' interest in secrecy."); *Hens*, 2010 WL 4340919, at *2; *Murphy v. Dolgencorp, Inc.*, Nos. 1:09CV00007, 1:09CV00014, 2010 WL 3766946, at *1 (W.D. Va. Sept. 21, 2010); *Tabor v. Fox*, No. 5:09-CV-338-BR, 2010 WL 2509907, at *1 (E.D.N.C. June 17, 2010) (holding that in FLSA cases, "there is no doubt that the common law presumption of access applies" to settlement agreements); *Taylor v. AFS Technologies, Inc.*, No. CV-09-2567-PHX-DGC, 2010 WL 2079750, at *1-2 (D. Ariz May 24, 2010) ("The Court concludes that before being formally approved, the settlement agreement must be made part of the record in this case and may not be filed under seal."); *Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09-cv-00058, 2010 WL 1655962, at *2-3 (W.D. Va. Apr. 23, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010) ("Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement *in camera,* or reviewing the agreement at a hearing without the agreement's

5

appearing in the record . . . thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."); *Huntsinger v. Roadway Specialty Devices, Inc.*, No. 8:09-cv-1798-T-33MAP, 2009 WL 3697989, at *1 (M.D. Fla. Nov. 3, 2009) ("The document at issue in the Motion—a settlement agreement in a FLSA case—does not fall into one of the categories, such as discovery materials, that are generally shielded from public exposure."); *Tran v. Thai*, Civil Action No. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) ("The presumption of public access to settlements of FLSA actions is particularly strong."); *Lin*, 2009 WL 2223063, at *1; *Hanson v. Wells Fargo Bank, N.A.*, No. 08-80182-Civ, 2009 WL 1490582, at *1 (S.D. Fla. May 26, 2009) ("The settlement agreement, if such exists, must be unsealed. The terms of a settlement in private FLSA actions are generally a matter of public record."); *Prater v. Commerce Equities Management Co.*, Civil Action No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) ("In the FLSA context, there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review."); *Yaklin v. W-H Energy Services, Inc.*, Civil Action No. C-07-422, 2008 WL 4951718, at *1 (S.D. Tex. Nov. 17, 2008) ("Where the judicial record at issue is a settlement agreement, settling Fair Labor Standards Act ('FLSA') claims, the public's interest in accessing the document often outweighs any interest in confidentiality."); *Demosthenes v. Florida Bottling, Inc.*, No. 08-60889-CIV, 2008 WL 4382847, at *1 (S.D. Fla. Sept. 25, 2008); *Perry v. National City Bank*, No. 05-cv-891-DRH, 2008 WL 427771, at *1 (S.D. Ill. Feb. 14, 2008); *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *1 (M.D. Fla. Apr. 2, 2007); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999).

The parties argue that "the policy arguments raised by the *Hens* and *Lin* judges are outweighed by the counter policy arguments."  (Joint Letter to the Court dated January 14, 2011 at 3.)   Specifically, the parties cite the "strong judicial policy in favor of settlements."  *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009).  The parties amplify their argument with general positive references in the Federal Rules of Civil Procedure to settlement. *See* Fed. R. Civ. P. 16(c)(1) ("If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."); Fed. R. Civ. P. 16(c)(2)(P) ("At any pretrial conference, the court may consider and take appropriate action on the following matters: . . . facilitating in other ways the just, speedy, and inexpensive disposition of the action.").[2]  If this were a case about the sealing of settlements generally, perhaps the parties' argument on this point would be well-taken.  In the FLSA context, however, as the *Hens* court noted, settlements "are different."  *Hens*, 2010 WL 4340919, at *2.  In this context, Congress has made a judgment to limit the available avenues of settlement to those supervised by the Secretary of Labor and those that are judicially approved; this channeling of settlement avenues overrides any general judicial policy in favor of settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352 ("There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.").  It is not for this Court to decide otherwise.

Therefore, this Court joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.  Having found that the presumption applies, the Court must then "balance the strong presumption of public access against any interests favoring

---

[2] The parties also cite to Fed. R. Evid. 408, but that rule refers to the confidentiality of settlement negotiations, not settlement agreements.

nondisclosure." *Hens*, 2010 WL 4340919, at *3. In their letter to the Court, the parties concentrated mainly on arguments as to why *Hens* and *Lin* should not apply and offered only one argument that could be construed as an interest favoring nondisclosure, namely that "[c]onfidentiality is an essential component of the agreement." (Joint Letter at 3.) Courts that have considered this sort of justification for sealing the settlement agreement, however, have roundly rejected it. *See Huntsinger*, 2009 WL 3697989, at *1 (rejecting argument that "the confidentiality of the Parties' agreement is an integral provision of the overall settlement" in support of *in camera* review of FLSA settlement); *see also Scott*, 2010 WL 4683621, at *2 ("The fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public."); *Stalnaker*, 293 F. Supp. 2d at 1264 ("A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in the circumstances presented in this case.").

Accordingly, the Court denies the joint request to approve the settlement. The denial is without prejudice, in case the parties are able to negotiate a settlement agreement that does not require sealing of the agreement.

SO ORDERED.

Dated: February **3**, 2011
New York, New York

RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

8