**D&G** | DAVIS & GILBERT LLP
ATTORNEYS AT LAW

1740 Broadway  T: 212.468.4800  www.dglaw.com
New York, NY 10019  F: 212.468.4888

Direct Dial: 212.468.4950
Personal Fax: 212.974.6946
Email: gbrochin@dglaw.com

April 21, 2011



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/11

RECEIVED APR 25 2011 CHAMBERS OF RICHARD J. HOLWELL

VIA FAX

Hon. Richard J. Holwell
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: Joo et al. v. Kitchen Table Inc. et al.
No. 09 Civ. 05402 (RJH)

Dear Judge Holwell:

We represent the Defendants in the above-referenced matter (the "Action"). We write jointly with counsel for the Plaintiffs, who have reviewed and approved this letter. The purpose of this letter is to address Your Honor's April 14, 2011 Order, which give the parties three choices with respect to the Action. We respectfully submit that there is a fourth choice, voluntary dismissal of the action *without* prejudice, which the parties choose to pursue.

Rule 42(a)(1)(A)(ii) of the Federal Rules of Civil Procedure states:

(a) Voluntary Dismissal.

(1) *By the Plaintiff.*

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.



DAVIS & GILBERT LLP
ATTORNEYS AT LAW

(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Given this, attached to this letter is a revised Stipulation of Dismissal. Such Stipulation is signed by all parties who have appeared and provides that the parties are voluntarily dismissing the Action without prejudice. Pursuant to Rule 42, such dismissal is effective "without a court order," and therefore we have not included a "So Ordered" line on the stipulation.

By way of further clarification, the parties are not asking Your Honor to approve their voluntarily settlement agreement, and therefore the public-access policy will not be subverted because Your Honor will not be rendering an opinion on the propriety or fairness of the parties' settlement. We understand that because of this, there is no waiver or release of the plaintiffs' FLSA claims. The parties are satisfied that this matter has been resolved and see no need for any further judicial action or litigation.

For Your Honor's reference, there is precedent for a voluntary Rule 42 dismissal of an FLSA claim. In *Perry v. M/I Homes, Inc.*, No. 8:08-cv-491-T-33AEP, 2010 WL 2136502, at *2 (M.D.Fla., May 26, 2010), the court refused to approved an FLSA settlement under seal (as in this case) and then gave the parties the following three options:

(1) The Court can review and, potentially, approve the settlement agreement but such agreement will be filed publically, without redaction and will not be a "confidential" settlement;

(2) The parties can try this case during the Court's December 2010 trial term with a pretrial conference on November 16, 2010, at 9:00 a.m.; or

(3) The parties can dismiss this case without further Court intervention upon such terms as the parties agree upon pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

Further, in another case in which the parties submitted a joint motion for approval of a joint stipulation for dismissal with prejudice in an FLSA case, the court rejected the stipulation and ordered that the case be dismissed *without* prejudice, while directing the clerk to close the file. *Caban v. Installation and Service Technologies, Inc.*, No. 6:08-cv-1689-Orl-22DAB, 2009 WL 4730537, at *1 (M.D.Fla., Dec. 4, 2009).

With respect to the Action, the case has already been marked "Closed" on the docket, and the defendants have already paid half of the agreed upon resolution payments. Therefore, we respectfully request that Your Honor rescind the April 14, 2011 Order and take no further action in this case other than confirming that the case is closed.

Hon. Richard J. Holwell
Page 2                                                                                              April 21, 2011

**D&G** | DAVIS & GILBERT LLP
ATTORNEYS AT LAW

Thank you in advance for your consideration in this matter.

Respectfully,

*Gregg Brochin*

Gregg Brochin

Jointly Submitted By:

*Charles E. Joseph*

Charles E. Joseph
Joseph, Herzfeld, Hester & Kirschenbaum, LLP
233 Broadway, 5th Floor
New York, New York 10279
Attorneys for the Plaintiffs

*Plaintiffs' claims will remain dismissed without prejudice. To the extent the Court's April 14, 2011 Order conflicts with this Order, it is rescinded.*

SO ORDERED

_____
RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

4/27/11